# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| GEORGE BANKS, | ) |
| --- | --- |
| Movant, | ) |
| v. | ) Case No. 1:13CV93 RWS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of George Banks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

---

[1] The motion is inarticulate, but it seeks relief only available under § 2255. Movant appears to be arguing that the Supreme Court's recent holding in Alleyne v. United States, 133 S.Ct. 2151 (2013), on June 17, 2013, should apply to him. In that case, the Court held that because mandatory minimum sentences increase the penalty for the crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury. The holding in Alleyne simply does not apply to movant. First and foremost, movant's motion to vacate is successive, and thus, he must seek leave from the Eighth Circuit Court of Appeals prior to bringing the instant argument to this Court. However, even if movant's motion was properly before this Court, his argument under Alleyne would still be irrelevant. Movant entered a guilty plea and specifically entered into a plea agreement with the Government finding that his base level offense would be either 20 or 33, depending upon his criminal history. At the plea hearing he specifically acknowledged that the agreement included the caveat that if he was found to be an Armed Career Criminal, his maximum penalty would be up to life imprisonment with a minimum sentence of fifteen years. He further admitted that he was a felon and that the gun in question traveled in interstate commerce. The Presentence Investigation Report ("PSR")

On April 19, 2006, Banks entered a plea of guilty to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On June 27, 2006, movant was sentenced to 180 months' imprisonment, 3 years of supervised release, and a $100 special assessment. Banks did not file an appeal.

The Court's records show that movant previously brought several motions for relief under 28 U.S.C. § 2255, the first of which this Court denied on the merits on April 10, 2008. See Banks v. United States, No. 1:06-CV-99-RWS (E.D. Mo.). Banks did not appeal from this judgment. On January 11, 2010, movant filed another § 2255 action, which this Court transferred, as successive, to the United States Court of Appeals for the Eighth Circuit. See Banks v. United States, 1:10-CV-14-RWS (E.D. Mo.). On June 16, 2010, the Eighth Circuit denied Banks' petition for authorization to file a successive habeas application. See Banks v. United States, No. 10-1446 (8th Cir. 2010). On September 22, 2010, Banks filed another § 2255 motion,

---

showed that Banks had three prior felony convictions for either controlled substance offenses or violent felonies and a felony conviction for stealing property from the person of Mary Cunningham, also a crime of violence. The PSR recommended that Banks' Final Offense Level be set at 30, based on a determination that he was an Armed Career Criminal with a base offense level of 33, less 3 levels for acceptance of responsibility. At his sentencing hearing, Banks objected to the burglary conviction, but because the Court had obtained a certified copy of the actual conviction, his objection was overruled. Accordingly, it was Banks' own agreement that resulted in his sentence of 180 months' in this case. And Alleyne cannot be said to be applicable to his situation even if it were available to him in these proceedings. See, e.g., U.S. v. Wimberly, No: 12-2210, 2013 WL 3214988, *1 (6th Cir. June 26, 2013).

which was summarily dismissed as successive. Banks v. United States, 1:10-CV-145 RWS (E.D. Mo.). On December 2, 2010, Banks filed another successive § 2255 motion, which was also summarily dismissed. Banks v. United States, 1:10-CV-199 RWS (E.D. Mo.). On May 2, 2011, Banks filed yet another successive § 22255 motion which was also summarily dismissed. Banks v. United States, 1:11CV74 RWS (E.D. Mo.). And on December 17, 2012, Banks filed a motion pursuant to 28 U.S.C. § 2241 to request credit for time spent in service of his state sentence. That matter was dismissed for lack of jurisdiction. Banks v. United States, 1:12CV213 RWS (E.D. Mo.).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Because movant did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant § 2255 motion in this Court, the Court lacks authority to grant movant the relief he seeks. As such, the instant action will be summarily dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the Eighth Circuit Court of Appeals to bring the motion in this Court. See 28 U.S.C. § 2255.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of July, 2013.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE